SPERO et al. v. SUPREME COUNCIL, A. L. H.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. TRIAL—PASSING CASE FOR THE DAY—COURT RULES.
    Under rule 7 of the General Rules for the Trial Term in the First Department, providing that a cause upon the day calendar for trial, where it shall appear that the counsel who is to try the case is actually engaged in the trial of a cause in a court of record in the county of New York or Kings, shall be passed for the day, a motion that a cause be passed for the day because of the fact that counsel was engaged in the trial of a case in the United States Circuit Court, and because of the absence of a witness, should have been granted, though the second ground was insufficient.

Appeal from Special Term, County of New York.

Action by Mina Spero and others against the Supreme Council, American Legion of Honor. From an order denying a motion to open a default, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Powell, for appellant.
Simon Sultan, for respondents.

INGRAHAM, J. This action, which was to recover the amount due to the plaintiffs as the wife and children of one Julius M. Spero by virtue of a certain benefit certificate issued by the defendant, came on for trial on the 4th of April, 1904, at which time an affidavit was handed to the court on behalf of the defendant asking that the case be adjourned in consequence of the absence of a material witness. That application was denied, but the case was held until the next day (Friday, April 8th). On the morning of the 8th of April an affidavit was submitted to the court from which it appeared that the counsel for the defendant who was to try the case was actually engaged in

the trial of a case in the United States Circuit Court; that the trial of that case had commenced on the day before, and that it had not been completed, and would probably take all the morning, and perhaps a part of the afternoon, of that day. The affidavit also stated that the deponent had not been able to procure the attendance of the witness referred to on the application for an adjournment on the previous day, but expected the witness would be in court on Monday morning, and therefore asked that the case be passed for the day. Notwithstanding this affidavit, the court refused to pass the case, whereupon an inquest was taken, and judgment was entered in favor of the plaintiff for the full amount of the claim. The defendant then obtained an order to show cause why the default should not be opened, based upon the affidavit of the defendant's counsel, from which it appeared that he was engaged in the trial of a case which commenced on April 7th, about a quarter past 11 o'clock; that he was engaged in the trial of that case all of April 7th, and completed such trial on April 8th about half past 12 o'clock in the afternoon. The fact that this affidavit was presented to the court upon the call of the calendar was not disputed, nor was it disputed that counsel for the defendant was actually engaged in the United States Circuit Court in the trial of a case when the case at bar was called for trial.

We think this case is within rule 7 of the General Rules for the Trial Term in this department, and that the defendant was entitled to have the case passed for the day. That rule provides that:

"In a cause upon the day calendar for trial, where it shall appear to the court by affidavit that counsel who is to try the same is * * * actually engaged in the trial of a cause in a court of record in the counties of New York and Kings, the cause shall be passed for the day, or until such argument or trial is concluded, unless the trial in which the counsel is engaged is a protracted one."

The fact that counsel also asked for an adjournment upon the ground that a witness was absent, which would not justify an adjournment, did not take away the right to present an excuse which entitled the defendant to have the case passed. I think that the motion to set aside the judgment should have been granted, and the case restored to the Trial Term calendar for trial. The defendant should pay $10 term fees and $10 costs of motion.

The order appealed from must be reversed, the judgment and inquest vacated upon payment by defendant of $20 costs, and the case restored to the calendar for trial, without costs of this appeal. All concur.